886 A.2d 1053

IN THE MATTER OF WENDY ELLEN NEGGERS, AN
ATTORNEY AT LAW (ATTORNEY NO. 021851995).

December 8, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 05–127, concluding that **WENDY ELLEN NEG-
GERS** of **MORRISTOWN**, who was admitted to the bar of this
State in 1995, should be suspended from the practice of law for a
period of one year for violation of *RPC* 8.4(b) (committing a
criminal act that reflects adversely on the lawyer's honesty, trust-
worthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded
that prior to reinstatement to practice, respondent should be
required to submit proof of her fitness to practice law and of
continued participation in a drug rehabilitation program and
should be subject to random drug testing;

And the Court having determined from its review of the matter
that a three-month suspension is warranted;

And good cause appearing;

It is ORDERED that **WENDY ELLEN NEGGERS** is sus-
pended from the practice of law for a period of three months and
until the further Order of the Court, effective immediately; and it
is further

ORDERED that prior to reinstatement to practice, respondent
shall provide proof of her fitness to practice law as attested to by a
mental health professional approved by the Office of Attorney
Ethics; and it is further

ORDERED that respondent shall provide to the Office of
Attorney Ethics proof of her continued participation in a drug
rehabilitation program and shall submit to periodic random drug

testing on a schedule to be determined by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.